UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL ARGUELLO, CDCR #BW-2448,<br><br>  Plaintiff,<br><br>vs.<br><br>JOHN DOE, SDCJ Director; John Doe, SDCJ Floor Officer of Module 8; J. AGREDANO, SDCJ Sgt.,<br><br>  Defendants. | Case No.: 3:24-cv-01024-JAH-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF No. 2]** |

Israel Arguello ("Plaintiff"), while incarcerated at High Desert State Prison in Susanville, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on June 10, 2024. (*See* Compl., ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.) On June 28, 2024, Plaintiff filed a Notice of Change of Address indicating he has since been transferred to Richard J. Donovan Correctional Facility in San Diego, and

informing the Court that while he has two cases pending in this Court (24-cv-01024-JAH-BLM) and another (24-cv-00937-AJB-KSC), both cases are "one and the same," but have been assigned two separate civil case numbers due to his "initial filing being lost." (*See* ECF No. 3 at 1.)

**I.      *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915A(a)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

As Plaintiff admits in his Notice of Change of Address, his Complaint in this case, *Arguello v. Doe, et al.*, Civil Case No. 24-cv-01024-JAH-BLM ("*Arguello II*"), filed on June 10, 2024, is "one and the same" as the Complaint he previously filed on May 28, 2024. (*See* ECF No. 3 at 1; *Arguello v. Doe, et al.,* S.D. Cal. Civil Case No. 24-cv-0937-AJB-KSC (ECF No. 1) ("*Arguello I*")). That Complaint has not been "lost," as Plaintiff claims, but instead has been submitted for preliminary screening and IFP consideration pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) by the Honorable Anthony J. Battaglia. Therefore, Plaintiff's Complaint in this later-filed case is subject to *sua sponte* dismissal

1 pursuant to 28 U.S.C. § 1915A(b)(1) because the two cases are duplicative.

2       A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  In *Arguello I*, Plaintiff claims San Diego County Jail officials acted with deliberate indifference to his medical needs and failed to properly accommodate his disability while he was detained there from December 2022 until December 2023.  *See Arguello I,* Compl., ECF No. 1 at 1–4.  Specifically, Plaintiff alleges to have fallen while using a broken shower chair on May 25, 2023, and claims his subsequent grievances requesting more than "perfunctory" medical attention, referral to specialists, and corrective surgery went unanswered.  *Id.* at 4–6.  His Complaint in this case, filed just twelve days later on June 10, 2024, is identical.  *Cf.,* Compl., ECF No. 1. In fact, the Complaints in both cases are merely photocopies of each other.  Both suits name the same Defendants, allege the same causes of action, request the same relief, and are signed by Plaintiff on the same day—May 21, 2024.  *See Arguello I*, Civil Case No. 3:24-cv-00937-AJB-KSC, Compl., ECF No. 1, *cf., Arguello II*, Civil Case No. 3:24-cv-01024-JAH-BLM, Compl., ECF No. 1.

      A prisoner's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  "[I]n assessing whether the second action is duplicative of the first, [the court must] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  Because the same claims presented in the instant action against the same Defendants are currently pending before Judge Battaglia in *Arguello v. Doe, et al.*, S.D. Cal. Civil Case No. 3:24-cv-00937-AJB-KSC, the Complaint filed in this duplicative and subsequently-filed civil action may not concurrently proceed.

*See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## II.     Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** without prejudice as duplicative pursuant to 28 U.S.C. § 1915A(b)(1). **IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** as moot and that the dismissal of this case shall operate without prejudice to Plaintiff's pursuit of his claims as currently alleged in *Arguello v. Doe, et al.*, S.D. Cal. Civil Case No. 3:24-cv-00937-AJB-KSC.

Plaintiff is advised that any and all future filings must include Civil Case No. 3:24-cv-00937-AJB-KSC clearly in the caption to avoid further confusion. The Clerk will **TERMINATE** S.D. Cal. Civil Case No. 3:24-cv-01024-JAH-BLM and close the file.

**IT IS SO ORDERED**.

Dated: July 2, 2024

*[signature]*

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE